# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TEXARKANA DIVISION

| | | |
|---|---|---|
| WHITNEY A. HENDERSON | § | |
| | § | |
| v. | § | No. 5:18CV116-RWS-CMC |
| | § | |
| MARK T. ESPER, SECRETARY OF | § | |
| THE ARMY, ET AL. | § | |

## AMENDED ORDER ADOPTING REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

The above-entitled and numbered civil action was heretofore referred to United States Magistrate Judge Caroline M. Craven pursuant to 28 U.S.C. § 636. On June 19, 2019, the Magistrate Judge issued a Report and Recommendation, recommending Defendants' Motion to Dismiss (Docket No. 10) be granted and Plaintiff's above-entitled and numbered cause of action be dismissed with prejudice. On July 23, 2019, the Court entered an Order Adopting the June 19 Report and Recommendation, erroneously stating no objections had been filed to the Report and Recommendation ("R&R"). Docket No. 28.

Whitney A. Henderson, proceeding *pro se*, filed objections to the R&R on July 15, 2019.[1] Docket No. 29. Even though the objections were untimely filed,[2] the Court has conducted a *de novo* review and finds the objections are without merit.

---

[1] The original Order Adopting noted the Clerk of the Court forwarded a copy of the R&R to Plaintiff via certified mail and indicated that as of July 15, 2019, Plaintiff had not acknowledged receipt of the R&R.

[2] The R&R advised Plaintiff that he must file any objections to the R&R within fourteen (14) days after service of the R&R. R&R at 17 (citing 28 U.S.C.A. § 636(b)(1)(C)). The R&R further advised Plaintiff that failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service would bar him from *de novo* review by the undersigned of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court, except on grounds of plain error or manifest injustice. R&R at 17–18.

## BACKGROUND

In this employment discrimination case, Plaintiff alleges the failure to extend his temporary appointment on June 25, 2016 constitutes a discriminatory act in violation of Title VII. Docket No. 1 ¶ 5. According to Plaintiff, the underlying basis of his termination was due to an Official Written Reprimand in his eOPF. *Id.* ¶ 9. According to Defendants' motion to dismiss, taking Plaintiff's own allegation that June 25, 2016 is the alleged discriminatory event, Plaintiff did not make contact with an EEO Counselor until January 25, 2017, well over six months past the alleged discriminatory act. Thus, as Defendants argue, Plaintiff failed to timely contact an EEO counselor within 45 days of the last act of alleged discrimination.[3]

In their motion to dismiss, Defendants explain that Plaintiff visited the Civilian Personnel Advisory Center ("CPAC") at Red River Army Depot on November 1 and December 7, 2016, and met with the CPAC Director. R&R at 12 (citing Docket No. 10 at 3). According to Defendants, it was during one of these visits that the CPAC Director "incorrectly communicated to Plaintiff that the failure to extend his temporary appointment was due to an Official Written Reprimand that remained in his eOPF." *Id.* Plaintiff alleges that the December 8, 2016 visit to the CPAC was the first time he learned that the underlying basis of the failure to extend his temporary appointment was allegedly due to an Official Written Reprimand, which inappropriately remained in his eOPF.

---

[3] The Agency held Plaintiff failed to properly exhaust his administrative remedies when he failed to initiate contact with an EEO counselor within 45 days of the last act of discrimination about which he complains, which was his termination on June 25, 2016. Docket No. 1-1 at p. 2.

[4] Plaintiff alleges in his complaint that he visited the CPAC on December 8, 2016, but Defendants contend he visited the CPAC on December 7, 2016. For purposes of the R&R and this Amended Order Adopting, Plaintiff's alleged date is used.

## REPORT AND RECOMMENDATION

In the 18-page R&R, the Magistrate Judge first recommended Plaintiff's claims against Billy Pettie be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) because Billy Pettie is not a proper party to this case. R&R at 9. The Magistrate Judge then considered whether Plaintiff's Title VII claim against the Secretary of the Army should also be dismissed. The Magistrate Judge noted that the only discriminatory act Plaintiff alleges is his effective termination; thus, the limitations period began to run on the date Plaintiff learned of his termination— June 25, 2016. R&R at 15.

According to the Magistrate Judge, Plaintiff did not make contact with an EEO Counselor until January 25, 2017, over six months past the alleged discriminatory act. Because Plaintiff failed to timely contact an EEO counselor within 45 days of the last act of discrimination about which he complains, his charge is barred "absent a defense of waiver, estoppel, or equitable tolling." *Id.* (quoting *Reveles v. Napolitano*, 595 Fed. Appx. 321, 325 (5th Cir. 2014)).

The Magistrate Judge further noted that the plaintiff in *Reveles* did not brief the defenses of equitable tolling and estoppel, and the Fifth Circuit held any such arguments had been waived. *Id.* (citing *Morris v. Livingston,* 739 F.3d 740, 752 (5th Cir. 2014) ("Although we liberally construe the briefs of *pro se* appellants, we also require that arguments must be briefed to be preserved.")). As noted by the Magistrate Judge, the Fifth Circuit in *Reveles* also stated that the docketing and acting on a complaint or request for reconsideration does not alone constitute a waiver of the timeliness objection. R&R at 15 (citing *Reveles*, 595 Fed. Appx. at 325; *Rowe v. Sullivan*, 967 F.2d 186, 191 (5th Cir. 1992) ("Rowe contends that even if his complaint was untimely, the EEOC waived the thirty day limit by docketing and

acting on his request for reconsideration. We have held, however, that such agency action does not, in and of itself, constitute a waiver. In order to waive a timeliness objection, the agency must make a specific finding that the claimant's submission was timely.") (citations omitted).

Like the plaintiff in *Reveles*, Plaintiff has not briefed the defenses of equitable tolling and estoppel. R&R at 16 (citing *Morris*, 739 F.3d at 752). Moreover, Plaintiff has not alleged facts that could give rise to equitable tolling, waiver, or estoppel. *Id.* Nor did Plaintiff argue, in his response to the motion to dismiss, that equitable tolling, waiver, or estoppel apply to his situation. *Id.* (citing *Hossain v. McHugh*, No. EP-15-CV-00083-KC, 2015 WL 7162022, at \*8 (W.D. Tex. Nov. 13, 2015) (holding the plaintiff's unawareness of the facts supporting her claim did not entitle her to equitable tolling because the plaintiff had not alleged the defendants intentionally concealed the facts from her)). Accordingly, the Magistrate Judge found no reason to apply equitable tolling in this case. *Id.*

The Magistrate Judge concluded that Plaintiff had not met his burden to demonstrate that he timely contacted an EEO counselor within 45 days of his termination. *Id.* According to the Magistrate Judge, Plaintiff's claims against the Secretary of the Army are time-barred and equitable tolling is not applicable; therefore, amendment is futile. *Id.* at 17. The Magistrate Judge recommended Plaintiff's Title VII claims be dismissed for failure to state a claim on which relief may be granted.

## *DE NOVO* REVIEW

In his untimely objections, Plaintiff does not identify the specific finding or recommendation to which he objects, state the basis for the objection or specify the place in the R&R where the disputed determination is found.  Instead, Plaintiff states that the letters from the Red River Army Depot regarding the layoff were contradictory.  Docket No. 29 at 2.  As in his motion, he points to the meetings in October and November 2016 and states he was told to write out his complaint and was assured it would be timely.  *Id.* at 1.

The Court, having carefully reviewed the R&R and the objections, agrees with the Magistrate Judge that Plaintiff has not met his burden to demonstrate that he timely contacted an agency EEO counselor within 45 days of his effective termination.  The Court agrees with the Magistrate Judge that there is also no basis to apply equitable tolling in this case. Accordingly, the Court agrees with the Magistrate Judge that amendment would be futile.

Plaintiff's contact with the EEO Counselor on January 25, 2017 would still be untimely even if the Court were to assume the latest December 8, 2016 CPAC visit somehow tolled the time to make contact with an EEO Counselor after the alleged adverse discriminatory event on June 25, 2016.  R&R at  16.  As noted by the Magistrate Judge, 48 days had already elapsed before Plaintiff contacted the  EEO Counselor on January 25, 2017. *Id.* (citing Docket No. 10 at 4).  Therefore, even accepting Plaintiff's allegations as true, he still failed to timely contact an EEO counselor within 45 days of his effective termination, as required.

The Court hereby **ADOPTS** the Report and Recommendation of the United States Magistrate Judge as the findings and conclusions of this Court. The Court finds that Plaintiff's Title VII claims should be dismissed as he has failed to state a claim on which relief may be granted.  It is therefore

**ORDERED** that Defendants' Motion to Dismiss (Docket No. 10) is **GRANTED**. It is further

**ORDERED** that Plaintiff's above-entitled and numbered cause of action is **DISMISSED WITH PREJUDICE.**

So ORDERED and SIGNED this 25th day of July, 2019.

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE